Cavanagh, J.
(concurring in part and dissenting in part). I concur in the majority’s analysis and conclusion regarding the personal protection insurance benefits in this case. However, I respectfully dissent with respect to the analysis contained in part in of the majority’s opinion and its conclusion regarding the unavailability of uninsured motorist benefits under defendant’s policy. I would conclude that such benefits are available.
As the majority correctly notes, the term “owned” or “owner” is not defined in the policy.[1] In determin *537 ing whether decedent was the “owner” under the terms of the policy, this Court examines the language of the policy and interprets its terms pursuant “to well-established Michigan principles of construction.” Allstate Ins Co v McCam, 466 Mich 277, 280; 645 NW2d 20 (2002). “An insurance policy must be enforced in accordance with its terms. If not defined in the policy, however, we will interpret the terms of the policy in accordance with their ‘commonly used meaning.’ ” Id. (internal citations omitted).
The majority, pointing to various dictionary definitions, concludes that “possession, control, and dominion are among the primary features of ownership.” Ante at 534. The commonly used meanings of “own” and “ownership,” however, may contain additional features not contemplated by the majority. Unlike the majority, I cannot limit the definition of the word “own” and prefer to consider all of the features of ownership.
The common usage of a nonlegal term is to be found in a lay dictionary. Sands Appliance Services, Inc v Wilson, 463 Mich 231, 240-241; 615 NW2d 241 (2000). Referencing lay dictionary definitions indicates that ownership may entail more than possession, dominion, and control. See, e.g., Webster’s Third New International Dictionary, Unabridged (1966) (defining “own” as “to have or hold as property or appurtenance: have a rightful title to whether legal or natural,” “owner” as “one that has the legal or rightful title whether the possessor or not,” and “ownership” as a “lawful claim or title”); Webster’s New Twentieth Century Unabridged Dictionary (2d ed, 1983) (defining “owner” as “one who has the legal or rightful title, whether he is the possessor or not”); The Oxford *538 English Dictionary (2d ed, v XI, 1991) (defining “owner” as “one who has the rightful claim or title to a thing [though he may not be in possession]”).[2] In short, the common features of “ownership” appear to involve more than mere possession, dominion, and control.
While it is clear that decedent possessed and controlled the vehicle, it is equally clear that decedent did not have title to the vehicle. Instead, title remained at all relevant times with Matthew Roach. As such, it is unclear whether decedent would be considered the “owner” of the vehicle under the common usage of that term and, consequently, the terms of the policy itself.
Applying another “well-established Michigan principle of construction,” I would conclude that uninsured *539 motorist benefits are available under the terms of the policy. To the extent the term “owner” is ambiguous in the policy, such ambiguity is strictly construed against the insurer in favor of coverage. State Farm Mut Automobile Ins Co v Enterprise Leasing Co, 452 Mich 25, 38-40; 549 NW2d 345 (1996). If “ownership” merely involves possession, dominion, and control, then decedent is an “owner” and coverage under the policy is unavailable. If “ownership” contemplates possessing legal title and the ability to convey such title to others, then decedent is not an “owner” and, thus, covered under the policy.
If a fair reading of the entire contract of insurance leads one to understand that there is coverage under particular circumstances and another fair reading of it leads one to understand there is no coverage under the same circumstances the contract is ambiguous and should be construed against its drafter and in favor of coverage. [Raska v Farm Bureau Mut Ins Co of Michigan, 412 Mich 355, 362; 314 NW2d 440 (1982).]
I disagree with the majority’s decision to construct a decision favorable to defendant, rather than construing the insurance contract against its drafter, as we are bound to do under our principles of construction. Raska, supra at 361-362; Universal Underwriters Ins Co v Kneeland, 464 Mich 491, 509-510; 628 NW2d 491 (2001) (Cavanagh, J., dissenting). While defendant deemed it appropriate to define such terms as “you” and “we,” it failed to define an essential term such as “owner.” Accordingly, I dissent from the majority’s conclusion that uninsured motorist benefits are unavailable under the terms of the policy. I would construe the insurance contract against its drafter *540 and conclude that uninsured motorist benefits are available.
Weaver and Kelly, JJ., concurred with Cavanagh, J.

 The policy, however, does define such terms as “you,” “your,” “we,” “us,” “our,” “bodily iiy'ury,” “business,” “family member,” “occupying,” “property damage,” “trailer,” and “insured.” The term “your covered auto” is defined as:
1. Any vehicle you own shown in the Declarations.
2. Any of the following types of vehicles on the date you become the owner:
a. a private passenger auto;
b. a pickup or van that:
(1) has a Gross Vehicle Weight of less than 10,000 lbs.; and
(2) is not used for the delivery or transportation of goods and materials unless such use is:
(a) incidental to your “business” of installing, maintaining or repairing furnishings or equipment; or
(b) for farming or ranching; ....

 These definitions are consistent with the definitions in Black’s Law Dictionary (7th ed), which defines “own” as “[t]o have or possess as property; to have legal title to.” Similarly, “owner” is defined as “[o]ne who has the right to possess, use, and convey something” and “ownership” is defined as “[t]he collection of rights allowing one to use and enjoy property, including the right to convey it to others.” Id. (emphases added).
I agree with the majority that terms of the policy are construed independently of the statute and that the Court of Appeals erred in transplanting the statutory definition of “owner” into the policy. However, the statutory definition of “owner” further illustrates the concept that “ownership” may involve more than the features cited by the majority under certain circumstances. The statute defines “owner” as:
(i) A person renting a motor vehicle or having the use thereof, under a lease or otherwise, for a period that is greater than 30 days.
(ii) A person who holds legal title to a vehicle, other than a person engaged in the business of leasing motor vehicles who is the lessor of a motor vehicle pursuant to a lease providing for the use of the motor vehicle by the lessee for a period that is greater than 30 days.
(iii) A person who has the immediate right of possession of a motor vehicle under an installment sale contract. [MCL 500.3101(2)(g) (emphasis added).]